IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin B. Carter, | ) C/A No.: 7:14-cv-3443-TLW-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Spartanburg Police Department, City of Spartanburg, 7th Circuit Solicitors Office, and Spartanburg County, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Justin B. Carter ("Plaintiff" or "Carter"), proceeding pro se and in forma pauperis, brings this civil action against Defendants Spartanburg Police Department, City of Spartanburg, Seventh Circuit Solicitor's Office, and Spartanburg County. (See generally Dkt. No. 1.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint

herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

As noted above, Plaintiff filed the instant suit against Defendants Spartanburg Police Department, City of Spartanburg, Seventh Circuit Solicitor's Office, and Spartanburg County. Plaintiff alleges that on January 23, 2014, a search warrant was executed by the

Spartanburg Police Department, and the police unlawfully seized numerous items, including Plaintiff's vehicle, that were not "listed within the affidavit of the search warrant as property sought to be seized nor was any of this property used in the commission of any of the crimes the Plaintiff was criminally charged with at the conclusion of the aforementioned search." (Dkt. No. 1 at 6-7 of 14.) Plaintiff asserts the property was "seized without actual or probable cause" and was therefore "stolen" by the police. (Id. at 7.)

Plaintiff alleges he expressed interest in the return of the property during the preliminary hearing on May 15, 2014, and that both the police and solicitor's office failed to return the items or initiate forfeiture proceedings. (Id. at 7-8 of 14.) He also complains that he filed a Motion to Suppress and Return Evidence in the criminal matter, and the Solicitor's Office "failed to successfully order and/or advise" the police "to return the unlawfully seized properties," nor did the Solicitor's Office initiate forfeiture proceedings. (Id. at 8.)

Plaintiff asserts that the Spartanburg Police Department violated his Fourth Amendment rights "by seizing the Plaintiff's properties without probable cause" and violated his Fourteenth Amendment rights by "depriving the plaintiff of property without due process of the law." (Id. at 12 of 14.) Plaintiff asserts the Defendant Seventh Circuit Solicitor's Office "aided in the continuation" of the violation of Plaintiff's Fourth Amendment rights and "violated the Plaintiff's" Fourteenth Amendment rights "by failing to petition for the aforementioned properties and/or by failing to initiate a civil . . . forfeiture proceeding . . . ." (Id. at 12-13 of 14.)

Plaintiff seeks monetary damages as well as to "have any and all properties unlawfully seized" returned to him. (Id.) at 13-14 of 14.)

3

## DISCUSSION

Plaintiff's suit should be summarily dismissed. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Defendants Spartanburg Police Department and Seventh Circuit Solicitor's Office should be summarily dismissed because neither is a "person" pursuant to § 1983. See Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as not subject to suit); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (concluding that the county prosecutor's office "is not an entity and, therefore, not a person subject to suit under . . . § 1983"); see also See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); Rhodes v. Seventh Circuit Solicitor's Office, Civ. A. No. 9:09-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) ("The 'Spartanburg County Public Defender's Office' and the 'Seventh Circuit Solicitor's Office' are not 'persons' within the meaning of § 1983."); Cave v. Morgan, Civ. A. No. 0:09-56-HFF-PJG, 2009 WL 982196, at *3 (D.S.C. Apr. 9, 2009) ("The 'Aiken County Second Circuit Solicitor's Office' is not a 'person' within

the meaning of § 1983."). Defendants Spartanburg Police Department and Seventh Circuit Solicitor's Office should therefore be summarily dismissed.

Plaintiff has also named the City of Spartanburg and Spartanburg County as Defendants. A careful review of Plaintiff's Complaint reveals that Plaintiff seeks to hold Defendants City of Spartanburg and Spartanburg County responsible for the actions of their "agent[s], officer[s], and/or employee[s]." (See Compl. ¶¶ 1-4, 11-12, 14, 16, 18, 20.) These Defendants, however, "cannot be held liable solely because [they] employ[] a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978); see also Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) ("[U]nder § 1983, local governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for their employees' actions." (internal quotation marks and citations omitted)). Pursuant to Monell, a municipality or other local government entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom. See Monell, 436 U.S. at 694; see also Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000); Berkley v. Common Council of City of Charleston, 63 F.3d 295, 296 (4th Cir. 1995) ("A municipality may only be found liable under section 1983 . . . where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" (quoting Monell, 436 U.S. at 690)). As noted above, Plaintiff attempts to hold Defendants City of Spartanburg and Spartanburg County liable for the conduct of their agents; he has not

alleged a municipal policy or custom. Accordingly, Plaintiff's claims against Defendants City of Spartanburg and Spartanburg County are subject to summary dismissal.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 30, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).